IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. |
| | **COMPLAINT** |
| Plaintiff, | **DEMAND FOR JURY TRIAL** |
| v. | **INJUNCTIVE RELIEF SOUGHT** |
| FLUENT SERVICING, LLC | |
| Defendant. | |

## NATURE OF ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Victoria Suarez. As alleged in greater detail below, Plaintiff the United States Equal Employment Opportunity Commission ('EEOC") alleges that Defendant Fluent Servicing, LLC, ("Fluent") discriminated against Ms. Suarez by retaliating against her for requesting a reasonable accommodation for her disability, terminating her because of her

1

disability, and failing to provide a reasonable accommodation in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to §107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. A substantial part of the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. 12117(a), which incorporates by reference 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Fluent is a limited liability company that is headquartered in Tampa, Florida.

5. At all relevant times, Fluent has continuously been doing business in the State of Florida and has continuously had at least fifteen (15) employees.

6. At all relevant times, Fluent has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7), which incorporates by reference Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. 2000e-1(b), (g) and (h).

7. At all relevant times, Fluent has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. Fluent was the employer of Charging Party Victoria Suarez.

## **CONDITIONS PRECEDENT**

9. More than thirty days prior to the institution of this lawsuit, Ms. Suarez filed a charge of discrimination with the EEOC alleging, among other things, that Fluent violated the ADA.

10. On May 6, 2025, the EEOC issued a Letter of Determination to Fluent finding reasonable cause to believe that Fluent discriminated against Ms. Suarez in violation of the ADA.

11. Prior to initiating this lawsuit, the EEOC attempted to conciliate with Fluent to eliminate the unlawful employment practices alleged herein and provide appropriate relief.

12. By letter dated June 12, 2025, the EEOC issued a Notice of Failure

of Conciliation advising Fluent that the EEOC was unable to secure from Fluent a conciliation agreement acceptable to the EEOC.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

14. Fluent is a licensed Medical Marijuana Treatment Center in the state of Florida and holds licenses related to the production and distribution of medical cannabis.

15. Charging Party Victoria Suarez was diagnosed with a seizure disorder in 2020 or 2021.

16. Ms. Suarez's seizure disorder substantially limits her neurological function.

17. Ms. Suarez was hired by Fluent as a Cultivator in February 2024.

18. As a Cultivator, Ms. Suarez was responsible for maintaining a clean and organized facility and cultivating marijuana plants.

19. Ms. Suarez was able to perform her job as a Cultivator.

20. Throughout her employment, Ms. Suarez reported to her Manager, Mr. Anthony Gomez.

21. Ms. Suarez typically worked a Monday through Friday schedule.

22. On Thursday, March 14, 2024, Ms. Suarez experienced a seizure at work and left early.

23. After Ms. Suarez left work on March 14, 2024, a Human Resources Manager from Fluent, Ms. Samantha Temple, reached out via email to inquire whether Ms. Suarez required any accommodations and advised Ms. Suarez that she should see a physician.

24. Ms. Suarez responded to the email from Ms. Temple that she did not require any accommodations based on that day's incident.

25. On the morning of Friday, March 15, 2024, Ms. Suarez was still not feeling well because of the seizure and informed Mr. Gomez via text message that she would not be attending work. Mr. Gomez replied and acknowledged that Ms. Suarez would not be at work.

26. Text message communication was typically how Ms. Suarez contacted Mr. Gomez.

27. Ms. Suarez reported to work as usual on Monday, March 18, 2024, through Wednesday, March 20, 2024.

28. Ms. Suarez did not report to work on Thursday, March 21, 2024, or Friday, March 22, 2024, due to symptoms she was experiencing because of her seizure disorder.

29. Ms. Suarez texted Mr. Gomez before her shifts on March 21 and March 22, indicating that she would not be at work due to her health, and Mr. Gomez replied each time.

30. On Friday, March 22, 2024, Ms. Temple emailed Ms. Suarez and

instructed her that she must provide a doctor's note before she could return to work.

33. Fluent's attendance policy at the time stated that "employees who miss more than three consecutive scheduled days may be required to present a doctor's release to the Human Resources department that permits them to return to work."

32. As of March 22, 2024, Ms. Suarez had not missed three or more consecutive scheduled days.

33. Ms. Temple gave Ms. Suarez until Friday, March 29, 2024, to provide the doctor's note.

34. Although physically able to work on Monday, March 25, 2024, and Tuesday March 26, 2024, Ms. Suarez did not report to work because Human Resources had informed her explicitly that she was required to provide a doctor's note before resuming her duties.

35. On March 24, 2024, Ms. Suarez texted Mr. Gomez and told him that she would not be able to return to work until she had a doctor's note, per Human Resources.

36. The first appointment Ms. Suarez could obtain with a doctor was on Wednesday, March 27, 2024.

37. On March 27, Ms. Suarez saw a physician and obtained a doctor's note that she provided to Fluent the same day.

6

38. The note identified that Ms. Suarez was cleared to return to work but may need occasional accommodations, including taking approximately an hour break from work during seizure episodes that were likely to occur about once or twice a month.

39. On March 27, 2024, less than an hour after receiving Ms. Suarez's doctor's note, Fluent sent Ms. Suarez an email terminating her employment.

40. The termination email stated that Ms. Suarez was absent from work from March 20 to March 27, including Saturday, March 23, and Sunday, March 24, which were dates that Ms. Suarez was not scheduled to work on, without communicating with her supervisor and that Fluent classified this as job abandonment.

41. The termination email also stated her doctor's note was insufficient as it did not cover the full range of dates that she was absent from work.

42. Fluent did not provide Ms. Suarez until March 29, 2024, to provide additional information.

43. Fluent did not respond to Ms. Suarez's request for accommodations.

44. Fluent did not engage in the interactive process with Ms. Suarez.

## STATEMENT OF CLAIMS

### Count I: Retaliation in Violation of the ADA

45. Paragraphs 14 through 44 are incorporated by reference as if fully set forth herein.

46. Ms. Suarez engaged in protected activity on March 27, 2024, when she submitted a doctor's note requesting the accommodation of taking approximately an hour break from work during seizure episodes that were likely to occur about once or twice a month.

47. Fluent retaliated against Ms. Suarez by terminating her less than an hour after receiving her request for an accommodation.

48. Ms. Suarez suffered damages because of Fluent's retaliatory actions.

49. The unlawful practices complained of in paragraphs 14 through 44 were intentional.

50. Fluent acted with malice and/or reckless indifference to Ms. Suarez's federally protected rights when it engaged in the unlawful employment practices complained of in paragraphs 14 through 44.

### Count II: Termination in Violation of the ADA

51. Paragraphs 14 through 44 are incorporated by reference as if fully set forth herein.

52. Ms. Victoria Suarez has a disability as defined by 42 U.S.C.

§12102(1).

53. Ms. Victora Suarez was qualified to perform the essential functions of her job with or without reasonable accommodations.

54. Fluent discriminated against Ms. Suarez in violation of 42 U.S.C. 12112(a) by terminating her employment because of her disability.

55. Ms. Suarez suffered damages because of Fluent's discriminatory actions.

56. The unlawful practices complained of in paragraphs 14 through 44 and paragraphs 51 through 54 were intentional.

57. Fluent acted with malice and/or reckless indifference to the Ms. Suarez's federally protected rights when it engaged in the unlawful employment practices complained of in paragraphs 14 through 44 and paragraphs 51 through 54.

### Count III: Failure to Provide Reasonable Accommodations in Violation of the ADA

58. Paragraphs 14 through 44 are incorporated by reference as if fully set forth herein. Ms. Victoria Suarez has a disability as defined by 42 U.S.C. §12102(1).

59. Ms. Victora Suarez was qualified to perform the essential functions of her job with or without reasonable accommodations.

60. Fluent discriminated against Ms. Suarez in violation of 42 U.S.C.

9

12112(b)(5)(A) by not providing a reasonable accommodation.

61.     Ms. Suarez suffered damages because of Fluent's discriminatory actions.

62.     The unlawful practices complained of in paragraphs 14 through 44 and paragraphs 58 through 60 were intentional.

63.     Fluent acted with malice and/or reckless indifference to the Ms. Suarez's federally protected rights when it engaged in the unlawful employment practices complained of in paragraphs 14 through 44 and paragraphs 58 through 60.

## **PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A.      Declare that Fluent violated the ADA by retaliating against Charging Party Victoria Suarez for engaging in statutorily protected activity;

B.      Declare that Fluent violated the ADA by terminating Charging Party because of her disability.

C.      Declare that Fluent violated the ADA by failing to accommodate Charging Party.

D.      Grant a permanent injunction enjoining Fluent, its officers, agents, servants, employees, subsidiaries, attorneys, and all persons acting in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability;

E. Order Fluent to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

F. Order Fluent to institute a training program for all human resources personnel and supervisory employees to ensure compliance with federal laws and company policies on nondiscrimination;

G. Order Fluent to make whole Charging Party Victoria Suarez by providing back pay with prejudgment interest, in amounts to be determined at trial, and all other affirmative relief necessary to eradicate the effects of these unlawful employment practices, including but not limited to front pay and/or reinstatement;

H. Order Fluent to make whole Charging Party Victoria Suarez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial;

I. Order Fluent to make whole Charging Party Victoria Suarez by providing for past and future nonpecuniary losses resulting from the unlawful practices complained above, including, but not limited to, emotional and/or physical pain, suffering and mental anguish, humiliation, loss of enjoyment oof life, and the like, in amounts to be determined at trial;

J.     Order Fluent to pay Charging Party Victoria Suarez punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

K.     Grant such further relief as the Court deems necessary and proper in the public interest; and

L.     Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.


Date: September 18, 2025                     Respectfully submitted,


                                             **U.S. EQUAL EMPLOYMENT**
                                             **OPPORTUNITY COMMISSION**


                                             ANDREW B. ROGERS
                                             Acting General Counsel
                                             CHRISTOPHER LAGE
                                             Deputy General Counsel
                                             U.S. EQUAL EMPLOYMENT
                                             OPPORTUNITY COMMISSION
                                             131 M Street, N.E.
                                             Washington, DC 20507

                                             KRISTEN M. FOSLID
                                             Regional Attorney
                                             Florida Bar No. 0688681
                                             Kristen.Foslid@eeoc.gov
                                             100 S.E. 2nd Street, Suite 1500

Miami, Florida 33131
T: (786)648-5835
F: (305) 808-1835


/s/ *Melissa M. Castillo*
Melissa M. Castillo
Trial Attorney
Florida Bar No. 1025338
501 E Polk Street, Suite 1000
Tampa, FL 33602
T: (813)710-9365
F: (813)228-2841
E-mail: melissa.castillo@eeoc.gov

*Counsel for Plaintiff*